TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: OAK-E-B

--------------------------------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: SF95_WrightCharlesMSJ
DATE: 01/25/2017 10:52:04 AM

RECEIVED

JAN 2 7 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____ hca

*           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF LOUISIANA
            LAKE CHARLES DIVISION

CHARLES W. WRIGHT, JR., 08410-379                         **PLAINTIFF**

V.      2:15-CV-02734 PM/KK  See P

UNITED STATES                                             **DEFENDANT**

        PLAINTIFF'S 1ST MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY

Comes now Plaintiff and for his first motion for summary judgment as to liability states:

1.  There are no material facts in dispute, which would prevent the entry of summary judgment in favor of the Plaintiff.

2.  Plaintiff herewith submits a statement of material facts, in support of the Plaintiff's motion for summary judgment, which he incorporates herein as if set forth word for word.

3.  Plaintiff filed a verified complaint. Therefore the allegations thereof are suitable for consideration on summary judgment. Plaintiff incorporates same herein as if set forth word for word.

4.  The government answered the complaint but did not verify the answer.

5.  Therefore, until such time that the government opposes the allegations of the complaint in a manner consistent with the requirements of FRCivP 56, the allegations of the complaint should be considered for purposes of this and any subsequent motion for summary judgment.

6.  The government did not timely respond to requests for admissions. Docket 18, Ex. "2." The admissions included requests that preclude any defense as to liability, by the government. Plaintiff incorporates these requests for admissions herein as if set forth word for word.

7.  For this additional reason the Plaintiff should be awarded summary judgment.

8.  Plaintiff should obtain judgment for liability whether the theory involves negligence in the maintenance of land, or medical negligence, or some related negligence, or some combination thereof.

9.  Plaintiff supports this motion with an omnibus brief, which is incorporated herein as if set forth word for word.

WHEREFORE, Plaintiff respectfully requests that the Court enter summary judgment in favor of the Plaintiff, as to liability, reserving the question of damages for later proceedings; and for such other and further relief as may be appropriate whether or not specifically prayed.

)
)
By: _____ 08410-379          1-25-17
Charles W. Wright, Jr.                   Date
FCI Oakdale-1
PO Box 5000
Oakdale, LA 71463-5000

            CERTIFICATE OF SERVICE  (PRISON MAILBOX RULE)

1

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: OAK-E-B

--------------------------------------------------------------------------------------------------------

Plaintiff by his signature above declares under penalty of perjury pursuant to 28 USC 1746 that on the date stated above he placed a copy of this pleading in the prison outgoing mailbox, with sufficient 1st class postage attached, addressed to the clerk of court for filing and service via CM/ECF.

TRULINCS  10579062 - STILLEY, OSCAR AMOS - Unit: OAK-E-B

----------------------------------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: SF95_WrightCLtrClerkWMSJPak
DATE: 01/25/2017 06:11:15 PM

1-25-16

Tony Moore, Clerk
US District Court
300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083

RECEIVED

JAN 2 7 2017


TONY R. MOORE  CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY:

RE:    Charles W. Wright v. US, 2:15-cv-02734 PM-KK -  Plaintiff motion for summary judgment, etc.

                                             See P
Dear Mr. Moore:

Herewith please find the following documents for filing, using brief descriptions not necessarily verbatim with the document title:

    1)  Motion for summary judgment,
    2)  Response to government's motion to dismiss,
    3)  Plaintiff's submission of exhibits,
    4)  Plaintiff's statement of material facts,
    5)  Second motion to compel,
    6)  Omnibus brief in support of the three main pleadings (summary judgment, response to motion to dismiss, second
motion to compel.)

I have endeavored to prepare these documents to ensure that they all have a sufficient top margin, to allow for your filemark
headers without special treatment during the scanning process.  I have also endeavored to provide at least some basic margins
on the other edges of the document, by the use of reduction on our copy machine here in the prison.

Unfortunately as you can see the copy quality is poor.  We only have one copier for the inmates.  When it makes bad copy, I'm
torn between trying to get better margins or better copy.  I hope these pleadings are sufficient despite their shortcomings.  In the
future, when the copier won't make a decent copy, I may just send the original prints.  If I know what you want, I'll try to provide
it for you if I reasonably can.  However, I don't know if reducing in order to get margins is even an issue with your office
personnel.

I recognize that pro se incarcerated litigant pleadings involve a lot more work for your personnel.  Thank you so much for your
kind accommodation in this regard.  If I can make your job easier, please don't hesitate to let me know.

Kindest personal regards,

Charles William Wright, Jr.