**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **CHARLES WILLIAM WRIGHT**<br>    **BOP # 08410-379** | : | **CIVIL ACTION NO. 2:15-cv-2734**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **UNITED STATES** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 26] filed by the United States. The plaintiff in this matter, Charles William Wright ("plaintiff"), opposes the motion. Doc. 33. For the reasons below, we recommend that the motion be **GRANTED** and that the claim relating to premises maintenance be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

The plaintiff is an inmate in the custody of the Bureau of Prison ("BOP") and is incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). He states that he suffered serious injury on January 29, 2014, when he slipped on icy pavement at FCIO while waiting for his medication at the "pill line." Doc. 1, p. 2.

The plaintiff claims that ice had accumulated in the area due to the practice by FCIO personnel of leaving outside water fixtures running during freezing weather. *Id.* He states that FCIO personnel had directed inmates to salt other areas of the prison compound, but that the pill line area was not salted and that the ice in this area was obscured from view by snow. *Id.* Finally, he asserts that inmates have no choice as to where the pill line is held. *Id.* He maintains that FCIO

personnel had the option of holding pill line indoors due to the inclement weather, but declined to do so. *Id.* The plaintiff also complains of his medical care following the fall. *Id.* at 3–5.

The plaintiff submitted a tort claim to the BOP, which denied same with a "right to sue" letter on August 24, 2015. Doc. 1, att. 2. He instituted this action on November 23, 2015, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, claiming negligence by the government in the maintenance of the premises and in his medical care. Doc. 1. The United States then filed the instant Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 26. It alleges a lack of subject matter jurisdiction over the premises claim. *Id.*

## II.
### LAW & ANALYSIS

The United States asserts two grounds for this court's alleged lack of subject matter jurisdiction: (1) the government has not waived its sovereign immunity because the claim falls under the discretionary function exception of the FTCA and (2) the plaintiff did not exhaust his administrative remedies with respect to this claim.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction bears the burden of establishing that it exists. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

"The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liability Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). Thus a plaintiff may only sue the United States if a federal statute provides a waiver of sovereign immunity. *Id.* Such waivers should be construed narrowly in favor of the United States. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006). The FTCA is one such waiver. *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009). However, "Congress has

carved out several exceptions to the FTCA's broad waiver of immunity." *Davila v. United States*, 713 F.3d 248, 263 (5th Cir. 2013). One of these is the discretionary function exception.[1] Under this provision, the waiver does not extend to:

> Any claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The purpose of the exception "is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy" through tort actions. *United States v. Gaubert*, 111 S.Ct. 1267, 1273 (1991) (internal quotations omitted). Accordingly, "[p]roper invocation of this exception means that the government will be shielded from liability, no matter how negligently an employee may have acted." *Santana-Rosa v. United States*, 335 F.3d 39, 42 (1st Cir. 2003).

In order to determine whether the discretionary function exception applies, courts use a two-part test formulated in *Gaubert*, 111 S.Ct. at 1273–74. Both parts must be satisfied in order for the discretionary function exception to apply. *Davila*, 713 F.3d at 263. The first part asks whether the challenged action involved an element of judgment. *Gaubert*, 111 S.Ct. at 1273. "In other words, the Government needs to establish there was 'room for choice' in making the allegedly negligent decision." *Ashford v. United States*, 511 F.3d 501, 505 (5th Cir. 2007) (quoting *Gaubert*, 111 S.Ct. at 1274)). The second part requires that the judgment "be of the kind that the exception was designed to shield." *Davila*, 713 F.3d at 263 (internal quotations omitted). "[W]hen

---

[1] The Fifth Circuit has not yet decided which party bears the ultimate burden of showing that the discretionary function exception applies. *Tsolomon v. United States*, 2015 WL 5093412, *6 (S.D. Tex. Aug. 28, 2015) (citing *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 n. 3 (5th Cir. 2009)). Other circuits are split on this issue, with the majority placing the ultimate burden on the government. *Id.* Therefore, like the court in *Tsolomon*, we assume without deciding that it is the government's ultimate burden. However, the plaintiff must still advance a claim "that is facially outside the discretionary function exception in order to survive the motion to dismiss, regardless of which party bears the ultimate burden of proof." *St. Tammany Parish*, 556 F.3d at 315 n. 3.

properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 111 S.Ct. at 1273–74. Here the proper inquiry is whether the government actor's decision was "susceptible to policy analysis," regardless of whether the actor actually engaged in any such analysis. *Davila*, 713 F.3d at 263 (quoting *Spotts v. United States*, 613 F.3d 559, 572 (5th Cir. 2010)).

In this case the claim relates to the alleged failure of government actors to properly maintain an area of the prison compound in the face of icy conditions or to position inmate activities in an area of the compound that was free from such hazards. The plaintiff points to no particular federal policy or directive constraining the government actors' decisions in this area. As the United States notes, the duty of care owed by the BOP to federal prisoners is set out in 18 U.S.C. § 4042. *United States v. Muniz*, 83 S.Ct. 1850, 1859 (1963). That statute reads, in relevant part, that the BOP shall:

> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . . ; [and]
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States . . . .

18 U.S.C. § 4042(a). Thus there is ample room for discretion on matters such as how prison grounds are maintained during cold weather, whether water is shut off or left running to prevent pipes from freezing, and where inmates line up on cold days. Accordingly, the first part of the *Gaubert* test is satisfied.

The United States maintains that the second part of *Gaubert* is met because maintenance of the prison's water supply is a safety issue for the institution and the loss of running water could create an emergency situation at the facility, thus implicating public policy concerns. We agree.

We also conclude that a decision on where to line up inmates for prison activities is another issue of institutional safety. Accordingly, the challenged actions are susceptible to policy analysis and satisfy *Gaubert*'s second part. This claim should therefore be dismissed for lack of subject matter jurisdiction.

Having found that there is no subject matter jurisdiction due to the United States' sovereign immunity, we will not address the argument relating to administrative exhaustion of this claim.

### III.
### CONCLUSION

Based on the above, this court lacks subject matter jurisdiction over the premises maintenance claim. It is thus **RECOMMENDED** that the Motion to Dismiss [doc. 26] be **GRANTED** and that this claim be **DISMISSED WITH PREJUDICE**. The medical care claim should remain pending before this court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE